# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD ERNEST NICHOLS | : | |
| Plaintiff | : | |
| v | : | Civil Action No. PJM-05-733 |
| CAPTAIN WARD and SERGEANT BEARD | : | |
| | : | |
| Defendants | | |

. . . . . .o0o. . . . . .

# MEMORANDUM

The above captioned civil rights action was filed on March 15, 2005. At that time, Plaintiff was an inmate at the Frederick County Detention Center. Paper No. 1. Now pending is Defendants' Motion to Dismiss or for Summary Judgment, which shall be construed as a Motion for Summary Judgment. Paper No. 11. An attempt was made to notify Plaintiff of the pending dispositive motion and to inform him of right to file an opposition to the motion. That notice, however, was returned to the court marked "no forward order on file." Plaintiff has failed to notify this court of his current address.[1] Papers No. 12 and 16. Defendants' Motion is, therefore, unopposed.

**Background**

Plaintiff alleges that on January 19, 2005, while incarcerated at the Frederick County Detention Center, he was found guilty of several disciplinary charges, including fighting. Paper No. 1 at p.4. He claims that Sergeant Beard denied him the opportunity to introduce written statements from witnesses that were written by a correctional officer during the disciplinary

---

[1] Pursuant to Local Rule 102.1.b.ii. (D.Md.) all parties have an affirmative duty to notify this Court of any change of address.

Case 8:05-cv-00733-PJM   Document 18   Filed 09/14/05   Page 2 of 5

hearing.[2]  *Id*.  Plaintiff appealed the guilty finding based on the refusal to allow the proffered evidence, but the appeal was denied by Captain Ward.  *Id*.  As relief, Plaintiff seeks restoration of the five good conduct days revoked as a result of the guilty finding.[3]  *Id*.

In the incident report describing the events of December 19, 2004, the basis of the disciplinary proceedings challenged by Plaintiff, it is alleged that Plaintiff was caught trying to smuggle contraband from the kitchen and that he was seen assaulting another inmate.  Paper No. 11 at Ex. C, p. 5.  An investigation of the incident included interviews of other inmates who were at or near the scene.  *Id*. at p. 6.  Pursuant to jail policy regarding serious incidents, the inmates who were interviewed were assigned letters to protect their identity.  *Id*. at Ex. B, p. 5.  The victim of the assault stated that: he caught Plaintiff "trying to steal stuff from the kitchen;" the two men exchanged words; the victim turned to walk away; he saw a flash; and he woke up on the floor.  *Id*. at Ex. C, p. 6.  The victim also stated that he didn't know what Plaintiff "hit him with."  *Id*.  Another inmate interviewed stated that Plaintiff advised he should go "pick him up, I just knocked him out."  *Id*.  Five other inmates claimed they saw nothing, and two others interviewed stated they heard the victim had fallen.  *Id*.

During the disciplinary hearing Plaintiff was asked to explain the events described in the incident report.  *Id*. at p. 2. Plaintiff claimed that there was racial tension in the kitchen because he was the only black inmate working there and the other white inmates did not want him there.

---

[2] Plaintiff does not explain whether the written statements exonerated him, nor does he explain how they were relevant to his defense.

[3] It is unclear whether Plaintiff was released from incarceration or transferred to another prison to serve a sentence.  Accordingly, it cannot be discerned whether his claim is now moot.  To the extent that restoration of good conduct credit is, as Defendants contend, unavailable in a § 1983 action, the merits of Plaintiff's claim do not entitle him to any relief and the claim is denied on that basis.

*Id.* Plaintiff further claimed that the victim of the assault claimed he had fallen on the floor and that he was unaware why he had fallen. *Id.* When asked to explain how he could be in the stockroom with only one other inmate, walk out alone, and be unaware that the other inmate is lying on the floor bleeding, Plaintiff had no explanation. *Id.* Plaintiff's chief defense at the hearing was that the victim reported that he fell. *Id.*

Plaintiff requested Inmate F as a witness for the hearing but the request was denied because Inmate F[4] reported to investigators that he was reading a book at the time of the incident and heard nothing. *Id.* at Ex. B, p. 3. Plaintiff also requested Inmate E as a witness, but the request was denied because that inmate told investigators that he had seen Plaintiff fighting with another person in the cell block: thus, allowing the request would have revealed the witness's identity to Plaintiff, placing him in jeopardy.[5] *Id.*

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181

---

[4] *See* Paper No. 11 at Ex. C, p. 6: "Inmate F–'I didn't see anything.'"

[5] It appears that Inmate E's testimony may have also been denied on the same basis that Inmate F's testimony was denied, because he also told investigators he saw nothing. Paper No. 11 at Ex. C, p. 6.

F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  *Anderson*, 477 U.S. at 256.

**Analysis**

Plaintiff seeks restoration of revoked good conduct credits based on his assertion that his due process rights were violated when he was not permitted to call his requested witnesses. Paper No. 1 at p. 4.  The unopposed Motion for Summary Judgment, together with the evidence submitted in support, plainly establishes that Plaintiff was provided with an opportunity to be heard and that his requested witnesses were denied based on security and relevance concerns. Even as a pre-trial detainee, Plaintiff is not entitled to the full panoply of rights afforded to a criminal defendant when he is charged with violating prison rules.   The rights guaranteed to Plaintiff in a prison disciplinary proceeding include the right to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974); *see*

*Segarra v. McDade*, 706 F.2d 1301,1304-05 (4th Cir. 1983) (refusal to allow inmate to call witness did not violate due process when inmate was familiar with disciplinary board, inmate refused to give prior notice of witness, and witness's testimony was irrelevant).  Plaintiff has failed to refute the evidence suggesting that the requested witnesses were denied on a legitimate basis.  Accordingly, Defendants are entitled to summary judgment in their favor.

September 13, 2005

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE